Filed 1/29/25  P. v. Morales CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VIDAL VARGAS MORALES,<br><br>    Defendant and Appellant. | 2d Crim. No. B335887<br>(Super. Ct. No. 2016023855)<br>(Ventura County) |

Vidal Vargas Morales appeals from the judgment after a jury convicted him of committing lewd or lascivious acts on a child aged 15 years old or younger.  (Pen. Code,[1] § 288, subd. (c)(1).)  The trial court subsequently found true that Morales took advantage of a position of trust to commit his crime (Cal. Rules of Court, rule 4.421(a)(11)), and sentenced him to two years in state prison.  Morales contends there was insufficient evidence that his victim was 15 years old when he committed his crime.  We affirm.

---

[1] Statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY

Jane Doe was born on November 16, 1997. Between 2011 and 2015 she was active in her local Catholic church. Morales led the church's youth group, taught confirmation classes, and led the peer leader group. Doe looked up to him as a "makeshift father figure."

On October 28, 2013, Doe started dating her first boyfriend. When she told Morales, he asked whether she would still love him. Doe did not understand what he meant. Morales then began to send daily text messages to Doe saying that he loved her, that he wanted her, that he needed her to stay with him. Doe told him that she loved the church and would not leave.

Doe later told Morales that she no longer wanted to be a peer leader at church. Morales told her she could not go and reminded her of her promise not to leave him. Doe thereafter tried to avoid Morales.

In November, Doe woke up feeling unwell and did not want to go to school. Her mother asked if she wanted to attend weekday mass with her instead. Doe agreed to do so after her mother said she had never seen Morales at church on a weekday.

Morales was at church, however. When speaking with Doe that day he hugged her three times. The first two hugs were tight and accompanied by a moan in her ear. During the third hug Morales wrapped one hand around Doe's waist and squeezed her breast with his other hand.

Morales let go of Doe's breast after about 15 seconds and told her she could enter the church. Doe had not turned 16 years old when this happened. She reported the incident to her boyfriend when she was 16 or 17, and to her therapist when she was 17 or 18.

2

Doe was 25 when she testified at trial. On direct examination she testified that Morales squeezed her breast on Wednesday, November 2, 2013, two weeks before she turned 16. November 2, 2013, was a Saturday, however. During cross-examination Doe clarified that Morales touched her breast the following Wednesday, November 6, 2013. On redirect she said she was confident the incident occurred on a Wednesday because she attended weekday mass with her mother that day. During her testimony Doe's mother confirmed that her daughter missed school a couple weeks before her 16th birthday and attended weekday mass instead.

## DISCUSSION

Morales contends the judgment should be reversed because there was insufficient evidence that Doe was 15 years old when he touched her breast. We disagree.

To be convicted of violating section 288, subdivision (c)(1), prosecutors must prove that the victim was 14 or 15 years old when the lewd or lascivious act occurred. When evaluating Morales's challenge to the jury's finding that prosecutors proved that fact, our review is limited to determining whether substantial evidence—"evidence that is reasonable, credible, and of solid value"—supports the judgment. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 (*Zamudio*).) We view the evidence "in the light most favorable to the prosecution[,] and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*Ibid.*) " 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the . . . jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination

3

depends.' " (*Ibid.*)  Reversal " 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict[s]." (*Ibid.*)

Reversal is unwarranted here.  At trial, Doe testified that Morales squeezed her breast on November 6, 2013, which was 10 days before she turned 16 years old.  That testimony alone provides substantial evidence that supports the jury's determination that Morales violated section 288, subdivision (c)(1).  (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052 [testimony of single witness satisfies substantial evidence standard].)

Morales argues we should not credit Doe's "dubious and conflicting" testimony because she originally testified that he touched her breast on November 2, 2013.  He also claims that Doe must be mistaken about the date because prosecutors established a "very clear timeline" showing that the incident occurred five weeks after Doe began dating her first boyfriend—a date after her 16th birthday.  But as a reviewing court, we do not resolve evidentiary conflicts.  (*Zamudio*, *supra*, 43 Cal.4th at p. 357.)  We also note that Doe's testimony was corroborated: Her mother testified that she missed school and attended weekday mass about two weeks prior to her 16th birthday.  Substantial evidence therefore supports Morales's conviction.  (*People v. Mendoza* (2015) 240 Cal.App.4th 72, 86 ["although not required," corroborating testimony provides substantial evidence supporting conviction].)

4

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.